JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIOT GAMES, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>       v.<br><br>T2M, INC., a Minnesota corporation; T2M SPORTS, INC., a Massachusetts corporation; and DOES 1-50,<br><br>               Defendants. | Case No. 2:23-cv-03504-SB-MRW<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

## JUDGMENT AND PERMANENT INJUNCTION

The Court having reviewed the Stipulation of the parties, and good cause appearing therefore:

**IT IS HEREBY ORDERED** that:

1.    Final Judgment be entered in favor of Plaintiff Riot Games, Inc. ("Plaintiff" or "Riot Games") and against Defendants T2M, Inc. ("T2M") and T2M Sports, Inc. ("T2M Sports," and together with T2M, "Defendants") (collectively, the "Parties") with prejudice.

**2.**    T2M is hereby ordered to withdraw the three applications (serial nos. 97129377, 90780311, 90780248) (the "Applications") it filed with the United States

1

Patent and Trademark Office seeking registration of the mark RIOT PWR for "Peripherals adapted for use with computing devices, namely, video game controllers for mobile computing devices" in class 28 in various forms.

3.    T2M is hereby ordered to cancel EU Trademark Registration No. 018085305 for the mark ROTOR RIOT (Stylized):        .

4.    Defendants are ordered to withdraw any other applications currently pending anywhere in the world to register any mark that includes the word RIOT and cancel any other existing registrations they own anywhere in the world for any mark that includes the word RIOT.

5.    Defendants are further ordered to cease and desist using and/or operating any domain Defendants own or control that contains the word RIOT, including the domain www.riotpwr.com. Defendants are further ordered not to transfer ownership of any such domains to any third party and to terminate ownership of any such domains in the time specified in the Settlement Agreement.

6.    Defendants are further ordered not to use, register, or seek to register, or encourage any third party to use, register, or seek to register, any name, word mark, design mark, domain name, or social media handle containing any mark registered and owned by Riot Games as set forth in **Exhibit A**, Dkt. No. 15-1 at 6–9 of 9, including for the mark RIOT and/or including the mark RIOT (collectively, the "RGI Marks") (or any term confusingly similar thereto) for any goods or services.

7.    Except during the time period permitted under the Settlement Agreement, Defendants and their agents, servants, employees, and all persons in active concert and participation with them are hereby enjoined from:

> a.    Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products, including the

JUDGMENT AND PERMANENT INJUNCTION

1  T2M Controller, which use any of the RGI Marks or any term
2  confusingly similar thereto;

3  b.  Importing, manufacturing, distributing, advertising, selling
4  and/or offering for sale in connection thereto any unauthorized
5  promotional materials, labels, packaging, or containers which use
6  any of the RGI Marks or any terms confusingly similar thereto;

7  c.  Affixing, applying, annexing, or using in connection with any
8  unauthorized purpose the term RIOT, whether as a standalone
9  mark or as part of another mark, or any of the RGI Marks in
10  association with any goods or services, including without
11  limitation on signage, clothing, accessories, any other tangible
12  items, in domain names, on any website owned or operated by
13  Defendants, in emails, on social media, streaming platforms,
14  video sharing services, and in any advertising and marketing
15  materials;

16  d.  Engaging in any conduct that tends falsely to represent that, or is
17  likely to confuse, mislead, or deceive purchasers, Defendants'
18  customers, and/or members of the public to believe the actions of
19  Defendants, the products sold by Defendants, or Defendants
20  themselves are connected with Riot Games, are sponsored,
21  approved, or licensed by Riot Games, or are affiliated with Riot
22  Games;

23  e.  Affixing, applying, annexing, or using in connection with the
24  importation, manufacture, distribution, advertising, sale, and/or
25  offer for sale or other use of any goods or services, a false
26  description or representation, including words or other symbols,
27  tending to falsely describe or represent such goods as being those
28  of Riot Games.

3

JUDGMENT AND PERMANENT INJUNCTION

8.      Each Party shall bear its own costs, including attorneys' fees, in this matter up to this point. However, if either Party seeks to enforce the terms of this Judgment and Permanent Injunction in the future, the reasonable attorney's fees and costs incurred in said enforcement shall be borne by the non-prevailing party.

**IT IS SO ORDERED.**

Dated: June 30, 2023

_____
Stanley Blumenfeld, Jr,
United States District Judge

JUDGMENT AND PERMANENT INJUNCTION